## WILLIAM S. SCOTT *v.* STERLING NIBLETT et al.

Where a sheriff seized on execution a note which was filed in a suit in the clerk's office, by taking temporary possession of it until he copied it, then returning it to the clerk, giving notice of the seizure to the clerk and the defendant in the suit in which the note was filed; *Held:* That a sale of the note under this seizure was invalid and conferred no title upon the purchaser. That to constitute a valid seizure of tangible property, it must be taken into actual custody, and that a promissory note must be seized as other movable property.

APPEAL from the District Court of Madison. *Thomas* and *Snyder*, for plaintiff. *Stockton* and *Steele*, for defendants. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by the plaintiff from a judgment of the Court of the Tenth District, dissolving an injunction obtained by him, with twenty per cent damages, four per cent interest, and the sum of one hundred and twenty-five dollars special damages.

The defendant, *Niblett*, had obtained judgment against the plaintiff for the sum of eleven hundred and sixty dollars and ninety cents, with interest. On this judgment, execution was issued directed to the sheriff of the parish of Madison, who, it is alleged, seized a certain promissory note belonging to the

plaintiff, drawn by *Sidney S. Erwin* to the order of the plaintiff, and bearing his   SCOTT
endorsement, which was on file in a certain suit then pending for the recovery   *v.*
of the amount of the note between the plaintiff and said *Erwin*, in the District   NIBLETT.
Court of the parish of Madison.   The sale of the note under this execution was
enjoined at the instance of the plaintiff, on the ground that no valid seizure had
been made of the note, it forming a part of the records of the court, and being
necessarily in the exclusive custody and possession of the clerk of said court.
The defendant, in his answer, asserts the validity of the seizure as made by the
sheriff, and the judgment of the court below was in his favor.

It appears that the sheriff called at the clerk's office and asked the clerk for
the note; it was handed to him.   The sheriff took a description of it and returned
it to the clerk with a notice of the seizure.   It is plain that the sheriff could in
no proper sense be considered, under these facts, as having any possession of the
note, which remained under the exclusive custody and control of the public
officer.   No rights can be considered as having been acquired by the sheriff
having in his hands, for a few moments, a document which formed a part of legal
proceedings, and the case must be determined on other grounds than those pre-
sented by these facts.

The sheriff gave notice of the seizure of the note to the defendant, and every
step appears to have been taken by him, so far as the defendant in execution
and the clerk of the court are concerned, to render the seizure formal and valid.

We have always held, that in order to make a valid seizure of tangible pro-
perty, the thing levied upon must be taken into actual possession by the officer.
*Gaines* v. *The Merchants Bank*, and cases there cited.   4th Ann. 371.   A pro-
missory note endorsed in blank by the payee, is of that class of property; it is
not merely the evidence of debts: with its endorsements it contain the obligations
of several parties, and is the subject of sale and delivery as much as any other
movable.   In the case of *Galbraith* v. *Snyder*, 2d Ann. 493, we held that a
seizure of notes was not made by a levy upon the copies of the notes which
were filed in a suit; and there is no case, we believe, in which the proceedings
of courts have been permitted to be affected by any other action than through
the court itself.   We do not understand that it is part of the duties of clerks of
court to receive notices of this character or to incumber their archives with
papers, except under the direction of the court.

The article 642 of the Code of Practice, which authorizes the seizure and
sale of the rights and credits of the debtor, without pointing out the mode in
which they are to be reached, has been a fruitful source of abuse and litigation,
without affording much real benefit to the *bonâ fide* and honest creditor.   All
attempts to give it effect, except in accordance with the just protection of the
rights of purchasers at sheriff sale as well as of debtors, we have always dis-
countenanced.   Without a legal seizure, a sale under it becomes a nest egg of
trouble and litigation.

We are not called upon to point out a mode in which we think promissory
notes in suit, and on the files of the court can be seized and sold under this arti-
cle of the code.   A rule that we might, under our present impressions pre-
scribe, might work badly in practice and produce difficulties which we do not at
present foresee.   The only thing before us is the matter in litigation, and our
only enquiry must be, is the seizure of the note, as made by the notice to the
clerk of the court and to the defendant in execution, valid and sufficient in
law to give a purchaser a title to the note under the judicial sale?   In confor-

Scott
*v.*
Niblett.

formity with our uniform decisions, we are bound to hold the seizure of no legal effect. As to any consequence being attached to what passed between the sheriff and the clerk in handing the note to the former, it is only necessary to state that the sheriff is not permitted to avow a purpose of interfering with the clerk's exclusive custody of a document on the files of the court.

The judgment of the district court is therefore reversed, and the further proceedings of the sheriff on his writ, under the alleged seizure of the note are hereby enjoined; the defendant paying costs in both courts.

Preston, J. dissenting. *Sterling Niblett* obtained a judgment against *William S. Scott,* upon which he issued an execution. There was a suit pending in the District Court of the parish of Madison, of *William S. Scott* v. *S. S. Erwin,* in which the plaintiff had filed a promissory note as the basis of his claim. The sheriff went into the clerk's office, took the note into his hands, made a copy, and then handed it back to the clerk with a formal notice that he had seized it as the property of *Scott,* by virtue of the execution in his hands in favor of *Niblett.* He gave a like notice to *Scott,* the defendant in execution, handing him a copy of his note.

The plaintiff has enjoined the defendant and sheriff from selling the note under the execution, on the ground that the sheriff did not take corporeal possession of the note, it being tangible property, and could not legally do so, because it was filed in a suit and formed part of the records of the court.

The Code of Practice, article 647, expressly authorizes the seizure of the rights and credits of the defendant in execution. The note filed in the suit against *Erwin* was the plaintiff's property, and the evidence of a right and credit, and therefore subject to seizure by our general laws and not exempted from seizure on account of being filed in a suit, because no law declares such an exception.

Even if the note could not legally be taken out of the clerk's office, still it was the property of the defendant, and it was the duty of the sheriff to make the plaintiff's judgment out of it if possible. His notice of seizure being effectual to detain the note in the clerk's office, he might make the appraisement and sale by a copy referring to the original, as deposited in the clerk's office, which all would have a right to inspect, and his adjudication filed in the suit by the purchaser, would be a subrogation by purchase to the plaintiff's rights against the defendant in the suit. The note was in the possession of the clerk like any other deposit with him in his official capacity. Suppose it had been money deposited in the clerk's possession and subject to litigation, the sheriff might seize it, but leave it with the notice of seizure in the clerk's hands subject to the decision of the court.

But I can see no reasonable objection to the delivery of the note seized by the clerk to the sheriff. The plaintiff could withdraw the note on leaving a copy as is universally practised. It would be reasonable, therefore, to allow the sheriff to do the same thing on seizing the plaintiff's rights. The notice of seizure and receipt of the sheriff for the note, leaving a copy, would afford ample protection to the clerk for delivering it. Execution is the object of suit and judgment. The officers of the courts should facilitate each other in the performance of their duties, and mutually afford aid in giving effect to the object and end of the law in civil suits. If, however, there be the least danger in allowing the course pursued by the plaintiff in this execution, the present case affords a proper opportunity to indicate to him the propriety of applying to the court,

before the day of sale, for an order to the clerk to deliver the note to the sheriff, in order to have it appraised and delivered to the purchaser. To require such an order before seizure, would be, in fact, requiring the plaintiff to give notice to the defendant to withdraw it if he wished to prevent the seizure.

To maintain the seizure in this case, would not conflict with any of the decisions of this court. In the case of *Gaines* v. *The Merchant's Bank*, the decision was based upon the fact, that the debt seized and sold was evidenced by notes of which the sheriff never obtained possession. In the case of *Galbraith* v. *Snyder*, copies of negotiable notes were seized and sold without effect, the notes themselves never having come into the sheriff's hands. In other cases the sheriff undertook to seize and sell notes which never were in his possession, and of which, therefore, he could not deliver possession to the purchaser.

There is no reason why the assets in suit of a defendant in execution, should not be liable to seizure. The furniture in the use of his family is liable. There would be far less injury to him to allow the seizure of his notes in suit. There would be no greater sacrifice in their sale than in the forced sale of any other property, if the debtor afford every facility to make the sale, which is his duty growing out of the obligation to pay his debts. There is much reason in the observation of the counsel, that it would be unjust to allow a man, rich in notes and mortgages, to prosecute them for his own benefit, and in doing so, to make the clerk's office a sanctuary for their protection against liability for his own debts.

The seizure in this case may be maintained without a violation of any principle of law, or of a proper regard for the security of records or the convenience of their keepers, and seems essential to compel a debtor to apply his means to the sacred duty of paying his debts.

The policy of selling rights and credits of the debtor, instead of authorizing their collection on account of the creditor, is doubtful; but while it is required by the Code of Practice, the law should be executed as effectually as possible, being the best mode of making the assets available both to the creditor and the debtor.

The judgment of the district court ought, therefore, in my opinion, to be affirmed.